NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MYRON DARYL MAKUS, *Petitioner.*

No. 1 CA-CR 18-0836 PRPC
FILED 10-24-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2016-145069-001
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Myron Daryl Makus, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1          Myron Daryl Makus petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          This petition concerns a probation violation. Makus pled guilty to possession of dangerous drugs, a class 4 felony, in Maricopa County Superior Court, CR2016-145069-001. At the time, Makus also faced criminal charges in Yavapai County, and the plea agreement noted these pending charges. The superior court suspended his sentence and placed him on three years of probation, effective October 18, 2016. Makus was provided a written list of 18 probation conditions, including that Makus report to the Adult Probation Department ("APD") within 72 hours of "release from incarceration[.]"

¶3          In December of 2016, Makus was sentenced to one year in prison on the Yavapai County charges. He was released from prison to community supervision on March 16, 2017. Makus did not report to ADP or his Maricopa County probation officer within 72 hours of his release from incarceration.

¶4          The State later petitioned the Maricopa County Superior Court to revoke Makus' probation because he had violated his probation terms. At the revocation hearing, Makus admitted he failed to contact APD within 72 hours of his release from incarceration in Yavapai County, which violated the terms of his probation. The court revoked his probation and imposed a presumptive 2.5-year prison sentence.

¶5          Makus sought post-conviction relief. He represented himself after his assigned PCR counsel found no viable claims. Makus argued ineffective assistance of counsel because his revocation counsel did not contest the alleged probation violation. Makus claimed he had no ADP

reporting obligation while still in community supervision. The court summarily denied relief. This petition for review followed.

## DISCUSSION

**¶6** We review the court's denial of Makus' petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Makus argues that relief should be granted because he received constitutionally deficient representation from counsel at the revocation stage. Makus first claims his revocation counsel should have argued that no probation violation occurred because APD knew his location after released from Yavapai County prison. But the superior court revoked Makus' probation based on his failure to report to ADP within 72 hours after "release[d] from incarceration," an independent condition of probation. Nor does Makus provide evidence that APD knew his location.

**¶7** Makus next claims his revocation counsel misled the court to believe that Makus forgot he was on probation. But the purported misstatements are immaterial to the court's finding that Makus violated an express reporting condition of his probation.

**¶8** We agree with the superior court that neither of Makus' arguments present a colorable claim for relief. We therefore grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA